Matthew T. Christensen, ISB: 7213
Lauren M. Bouvia, ISB: 12513
JOHNSON MAY
199 N. Capitol Blvd., Ste 200
Boise, ID 83702
Phone: (208) 384-8588
Fax: (208) 629-2157
Email: mtc@johnsonmaylaw.com
       lmb@johnsonmaylaw.com

Attorneys for the Trustee/Plaintiff

UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In re:<br><br>HMH CONSTRUCTION, LLC<br><br>Debtor.<br><br>―――――――――――――――<br><br>TIMOTHY R. KURTZ solely in his capacity as Chapter 7 Trustee of the bankruptcy estate of the above-referenced Debtor,<br><br>Plaintiff,<br><br>vs.<br><br>RAUL LABRADOR, an individual.<br><br>Defendant. | Bankruptcy Case No. 23-00191-BPH<br><br><br><br><br><br>Adv. Case No.<br><br><br><br>**COMPLAINT** |

COMPLAINT – PAGE 1

The Plaintiff, Timothy R. Kurtz ("Trustee" or "Plaintiff"), by and through his counsel of record, JOHNSON MAY, alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157 and pursuant to the Rules of this Court, in that this action arises in and relates to the Bankruptcy Case filed by HMH Construction, LLC the above-referenced Debtor (hereinafter referred to as "HMH" or the "Debtor") on April 20th, 2023 (the "Petition Date"), as Bankruptcy Case No. 23-00191-JMM (the "Bankruptcy Case"). The Bankruptcy Case was later converted to a Chapter 7 case, and the Trustee was appointed.

2. This proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (H) and (O) and to the extent that it is determined to be a non-core proceeding that is otherwise related to this bankruptcy case, the non-core matters, if any, are so inextricably linked with core matters that this Court's exercise of jurisdiction is proper. The Trustee expressly consents to this Court's entry of final decisions and orders in this matter.

3. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The Plaintiff is the duly appointed Chapter 7 Trustee pursuant to 11 U.S.C. §701, empowered by the Bankruptcy Code to pursue this action.

5. At all relevant times, Defendant Raul Labrador (hereinafter "Labrador") was an individual residing in Ada County, Idaho, who was running for position of Attorney General in Idaho.

**GENERAL FACTUAL ALLEGATIONS**

6. HMH was during all relevant times, a limited liability company organized under the laws of the State of Idaho on or around September 11, 2018.

7. HMH was organized and operated for the purpose of providing construction services to various customers.

8. Upon information and belief and to the best of the Trustee's knowledge, HMH has never held an ownership interest in any real property.

9. Beginning as early as 2021, HMH began struggling to pay its bills as they became due. At that time, HMH began seeking short-term high-interest loans.

10. Between early 2021 and the Petition Date, HMH continued to struggle to pay its bills in a timely manner, including the short-term high-interest loans it had received.

11. HMH is a construction company that does not have business needs or services provided by Raul Labrador.

12. Upon information and belief, campaign contributions provided to Raul Labrador were for the benefit of any one of the following: John Odom; Odom Racing, LLC; Odom Motorsports, LLC; Odom Group, LLC, Invictus Capital, LLC; Skyline Homes & Development, LLC; Skyline Odom, LLC; or Trashelle Odom.

**SPECIFIC TRANSFER ALLEGATIONS**

13. On the date listed below, HMH made the following payment directly to Raul Labrador for Idaho (the "Labrador Campaign Payment").

COMPLAINT – PAGE 3

| Date of Payment | Debtor Bank Account # | Check/Cash | Amount of payment |
|---|---|---|---|
| 7/7/2021 | Washington Trust xx8007 | Check #555 | $10,000.00 |
| **Total Transfer** | | | **$10,000.00** |

14. HMH did not owe any debts to Raul Labrador for Idaho when it made the Labrador Campaign Payment.

15. The Labrador Campaign Payment was made for, or on behalf of, individuals or entities other than HMH.

16. At the time HMH made the Labrador Campaign Payment, HMH was already struggling to pay its vendors and other debts as they became due.

17. As a result of the Labrador Campaign Payment, it became even more difficult for HMH to pay its regular and ordinary debts to actual HMH creditors.

18. On behalf of the bankruptcy estate, the Trustee's counsel previously made written demand on Raul Labrador to return the transfer. To date, Raul Labrador has refused to return the payment.

**GENERAL FRAUDULENT TRANSFER ALLEGATIONS**

19. HMH, and by extension its creditors, did not receive reasonably equivalent value for the payment.

20. The "value" for the payment, to the extent there was any, was provided to third-party individuals or entities – not HMH.

21. Upon information and belief, HMH made the payment with the actual intent to hinder, delay or defraud its own creditors.

COMPLAINT – PAGE 4

22. Alternatively, at the time the payment was made, HMH was insolvent, or became insolvent as a result of the payment.

23. Consequently, at the time of the payment, HMH's outstanding liabilities exceeded its assets.

24. At the time of the payment, HMH reasonably believed or should have believed that it would incur debts beyond its ability to pay as such debts became due.

## CLAIM ONE

### AVOIDANCE OF FRAUDULENT TRANSFER MADE DIRECTLY TO RAUL LABRADOR FOR IDAHO
### (11 U.S.C. §544(b)(1) and 28 U.S.C.§3304)

25. The Trustee realleges all of the foregoing paragraphs as if fully set forth herein.

26. During the six (6) years preceding the Petition Date, HMH transferred an amount according to proof, but no less than $10,000 directly to Raul Labrador for Idaho for payment of campaign contributions for which HMH had no liability.

27. Alternatively, during the six (6) years preceding the Petition Date, HMH transferred an amount according to proof, but no less than $10,000 directly to Raul Labrador for Idaho not on behalf of debts owed, but simply as a transfer of assets.

28. At the time the payment was made, or thereafter, the IRS was (or later became) a creditor of HMH.

29. The IRS was, or would have been, a creditor holding an allowable unsecured claim against HMH that would have a right under applicable non-bankruptcy law to avoid the Labrador Campaign Payment.

COMPLAINT – PAGE 5

30. The payment is avoidable pursuant to 11 U.S.C. §544(b)(1) and 28 U.S.C. §3304(a)(1) and (b)(1).

31. Pursuant to 11 U.S.C. §550(a)(1) the Trustee may recover the payment from Raul Labrador as the initial transferee or the entity on whose behalf the payment was made.

## CLAIM TWO

## AVOIDANCE OF FRAUDULENT TRANSFER MADE DIRECTLY TO RAUL LABRADOR FOR IDAHO
## (11 U.S.C. §544(b)(1) and Idaho Code §55-913 and §55-914)

32. The Trustee realleges all of the foregoing paragraphs as if fully set forth herein.

33. During the four (4) years preceding the Petition Date, HMH transferred an amount according to proof, but no less than $10,000 to Raul Labrador for Idaho.

34. At the time of the Labrador Campaign Payment, the IRS was (or later became) a creditor of HMH.

35. The payment is avoidable pursuant to 11 U.S.C. §544(b)(1) and Idaho Code §55-913 and §55-914.

36. Pursuant to 11 U.S.C. §550(a)(1) the Trustee may recover the Labrador Campaign Payment from Raul Labrador as the initial transferee or the entity on whose behalf the payment was made.

## CLAIM THREE

## AVOIDANCE OF FRAUDULENT TRANSFER MADE DIRECTLY TO RAUL LABRADOR FOR IDAHO
## (11 U.S.C. §548(a)(1))

37. The Trustee realleges all of the foregoing paragraphs as if fully set forth herein.

38. During the two (2) years preceding the Petition Date, HMH transferred an amount according to proof, but no less than $10,000 to Raul Labrador (the "548 Transfer").

39. HMH, and by extension its creditors, did not receive reasonably equivalent value for the 548 Transfer.

40. Upon information and belief, HMH made the 548 Transfer with the actual intent to hinder, delay or defraud its creditors.

41. Alternatively, at the time the 548 Transfer was made, (a) HMH was insolvent, or became insolvent as a result of the Transfer; (b) HMH was engaged in business (or about to engage in business) for which its remaining assets were unreasonably small in relation to HMH's business and debts owed; or (c) HMH intended to incur, or believes it would incur, debts that would be beyond its ability to pay as such debts matured.

42. The 548 Transfer is fraudulent and avoidable by the Trustee pursuant to 11 U.S.C. §548.

43. Pursuant to 11 U.S.C. §550(a)(1) the Trustee may recover the 548 Transfer from Raul Labrador as the initial transferee or the entity on whose behalf the 548 Transfer was made.

COMPLAINT – PAGE 7

## COSTS, ATTORNEY FEES, AND OTHER RELIEF

The Trustee is entitled to recover from Raul Labrador the costs and expenses incurred in connection with bringing this adversary proceeding, including all reasonable attorney's fees as well as any other relief, legal or equitable, pursuant to applicable state law as the Court determines is appropriate.

/

/

/

/

/

/

/

## PRAYER FOR RELIEF

WHEREFORE, the Trustee prays for judgment against Raul Labrador as follows:

1. On Claim One, for an order avoiding the Labrador Campaign Payment and awarding a money judgment against Raul Labrador, in an amount according to proof, but no less than $10,000.

2. On Claim Two, for an order avoiding the Labrador Campaign Payment and awarding a money judgment against Raul Labrador in an amount according to proof, but no less than $10,000.

3. On Claim Three, for an order avoiding the 548 Transfer and awarding a money judgment against Raul Labrador in an amount according to proof, but no less than $10,000.

COMPLAINT – PAGE 8

4. For an award of costs and expenses, including attorney's fees, associated with bringing and prosecuting this adversary proceeding. In the event of a default judgment, an award of attorney fees in the amount of 25% of the actual amount of the default judgment awarded.

5. For such other and further relief as the Court deems just and equitable.

DATED this 17th day of February, 2025.

                                               /s/ Matt Christensen
                                             MATTHEW T. CHRISTENSEN
                                             Attorney for Trustee

COMPLAINT – PAGE 9